CARA L. FINAN, CASB No. 173887
cara.finan@kyl.com
JULIETTE B. MCCULLOUGH, CASB No. 278929
juliette.mccullough@kyl.com
IAN ROSS, CASB No. 284842
ian.ross@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendants
JP MORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE
COMPANY; DEBORAH BRIGNAC; and CYNTHIA A. RILEY

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>LAWRENCE M. ASUNCION<br><br>MARIA ESTRELLA C. ASUNCION<br><br>      Debtor(s) | Case No. 12-30218<br><br>ADVERSARY PROCEEDING<br><br>ADV. NO. 12-03145<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER** |
| LAWRENCE M. ASUNCION and<br>MARIA ESTRELLA C. ASUNCION,<br><br>      Plaintiffs,<br><br>  vs.<br><br>JP MORGAN CHASE BANK, N.A.,<br>CALIFORNIA RECONVEYANCE COMPANY,<br>DEBORAH BRIGNAC, CYNTHIA A. RILEY and<br>DOES 1-100,<br><br>      Defendants. | |

The parties, Plaintiffs LAWRENCE M. ASUNCION and MARIA ESTRELLA C. ASUNCION (collectively, "Plaintiffs") and Defendants JPMORGAN CHASE BANK, N.A. ("Chase"), CALIFORNIA RECONVEYANCE CORPORATION ("CRC"), DEBORAH BRIGNAC and CYNTHIA A. RILEY (collectively, "Defendants"), (collectively, "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

**Plaintiffs' Response:** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 151, 157 and 1334(b).

**Defendants' Response:** Plaintiffs' Complaint ("Compl.") asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 151, 157 and 1334(b). (Compl. ¶ 5.) All parties have been served.

## II. FACTS

**Plaintiffs' Response:** The undisputed facts are as follows. The real property that forms the subject of this dispute is located at 1156 Barcelona Drive, Pacifica, California, 94044 ("Subject Property"). (Compl. ¶ 29.) On July 17, 2006, Plaintiffs obtained a loan in the amount of $900,000 ("Subject Loan") evidenced by a Note ("Note") and secured by a deed of trust ("DOT") encumbering the Subject Property. The DOT was recorded with the San Mateo County Recorder's Office on July 25, 2006 and lists Washington Mutual Bank, F.A. ("WaMu") as lender and beneficiary and CRC as trustee.

Shortly after loan closing in July 2006, WaMu, acting as a mortgage securitization "Sponsor" sold the Plaintiffs' Subject Loan, along with other bundled mortgages in a pool, to WAMU ASSET ACCEPTANCE CORPORATION (hereinafter "WAAC"), the "Depositor" who formed the WAMU MORTGAGE PASS-THROUGH CERTIFICATES 2006-AR11 (hereinafter the "WAMU 2006-AR11 Trust"), a mortgage-backed securities trust ("MBS Trust"). (Compl. ¶ 31). Following this sale from WAMU to WAAC, although undocumented as required by statute, Plaintiffs' loan was placed into the WAMU 2006-AR11 Trust upon the formation and SEC filing of the WAMU 2006-AR11 Trust

documents. (Compl. ¶ 32). Once the WAMU 2006-AR11 Trust Documents were filed with the SEC by September 2006, the WAMU 2006-AR11 Trust had its assets fixed in time and as of August 22, 2006, Plaintiffs' loan can be found in the WAMU 2006-AR11 Trust's Mortgage Loan Schedule at page 2 of 12, line 76. Compl. ¶33 and its Exhibit "J". The WAMU 2006-AR11 Trust's Closing Date is August 24, 2006 which is an absolute date when the WAMU 2006-AR11 Trust cannot accept or take any contribution of asset into the WAMU 2006-AR11 Trust. Compl. ¶35. The Mortgage Loan Purchase Agreement ("MLPA") of October 25, 2006, memorialized the absolute sale of the Mortgage Loans without recourse from WaMu as "Originator", "Seller", and "Sponsor" to WAAC as "Depositor" pursuant to the governing Pooling and Servicing Agreement (PSA) dated August 1, 2006. MLPA, Article 2, Section 2.1 (a), filed as Form 8-K, Exhibit 4.6. See SEC website: http://www.secinfo.com/d16VAy.zp8.d.htm. On the Closing Date, in return for the mortgage pass-through certificates issued by the WAMU 2006-AR11 Trust, WAAC warranted, represented and covenanted in the PSA that as owner of the Trust Fund (free and clear securitized Mortgage Loans), WAAC irrevocably sold to the WAMU 2006-AR11 Trust, without recourse, all of WAAC's right, title and interest in and to the Mortgage Pool Assets to LASALLE BANK NATIONAL ASSOCIATION ("LASALLE Bank") as Trustee for the benefit of the Certificateholders (investors) of the WAMU 2006-AR11 Trust.

California non-judicial foreclosure action was initiated by Defendant CRC against Plaintiffs on June 8, 2010 when it filed a Notice of Default and Election to Sell Under Deed of Trust ("NOD"). CRC stated in the NOD that Washington Mutual Bank, F.A. is the beneficiary under the DOT when it was recorded on June 25, 2006. The NOD does not state whether Chase is the present beneficiary in the DOT. On September 9, 2010, CRC recorded a Notice of Trustee Sale ("NOTS") against the Subject Property. The NOTS is signed by Defendant Deborah Brignac purporting to be Vice President of CRC. In fact, Deborah Brignac is a well-known "robo-signer" and her signature on the NOTS appears to be a forgery and not her own. Compl. ¶¶43-44 and its Exhibit "M". Plaintiff sent two qualified written requests to Defendants under RESPA and received no response. Compl. ¶¶46-47 and its Exhibits "N" and "O".

Defendant Chase, as successor-in-interest to WaMu, did <u>NOT</u>, and could <u>NOT</u> have assumed

or acquired any ownership interest in either the Note, DOT or Subject Loan. The Chase POC against the Subject Property is not supported by any credible admissible evidence. Compl. ¶49. Chase claims rights to the Subject Loan under a Purchase and Assumption Agreement ("PAA") on dated September 25, 2008 when Chase acquired the failed bank WaMu from FDIC's receivership. Such a claim is legally and factually impossible as WAMU had already long sold the Subject Loan years earlier in the secondary market. Id. Defendant Chase's POC in this case is false because Chase could not acquire ownership of the Note or Subject Loan in 2008 by purchasing WaMu's assets because the Subject Loan was no longer part of WaMu's assets after WaMu sold it, without recourse, in 2006. This fact is not disputed by Defendants. Chase does not have standing to enforce the Note because Chase is not the owner, holder and not a beneficiary or agent of an unknown beneficiary of the Note.

Chase's POC presents to the Court a _copy_ of an adulterated version of Plaintiffs' Note that contains a stamped endorsement in blank without a date and signature. Compl. ¶¶39-40 and Chase's POC. This "endorsement" consists of a stamp with the reproduction of an alleged signature of Defendant Cynthia A. Riley, purporting to be Vice President of WaMu. Defendant Riley is an employee of Defendant Chase. Subsequent to signing the Note, unknown agents of Defendants defaced the Note to conform to their own deception. This mutilation is substantive in nature and goes to the heart of Defendants' deception. This document is VOID *ab initio*.

On January 23, 2012, Plaintiffs sought bankruptcy protection and filed a Chapter 13 bankruptcy petition. *See* Case No. 12-30218, ECF No. 1. On June 6, 2012, Chase filed its POC allegedly based on the debt secured by a DOT on the Subject Property. Claim #18. The Chase POC is silent as to whether it is alleging that it is the owner of the Note, whether it is entitled to enforce the Note, or whether it is acting on behalf of the owner of the Note or as an agent of the Note's owner. Id.

**Defendants' Response:** The undisputed facts are as follows. The real property that forms the subject of this dispute is located at 1156 Barcelona Drive, Pacifica, California, 94044 ("Subject Property"). (Compl. ¶ 29.) On July 17, 2006, Plaintiffs obtained a loan in the amount of $900,000 ("Subject Loan") secured by a deed of trust ("DOT") encumbering the Subject Property. The DOT was recorded with the San Mateo County Recorder's Office on July 25, 2006 as instrument number 2005110150 and lists Washington Mutual Bank, F.A. ("WaMu") as lender and beneficiary and CRC

as trustee. (See Defendants' Request for Judicial Notice, filed concurrently with Defendants' Motion to Dismiss the Complaint ("RJN") Exh. 1.) On September 25, 2008, Chase acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver pursuant to the Purchase and Assumption Agreement between the FDIC and Chase. (RJN Exh. 2.) On June 8, 2010, CRC caused a Notice of Default and Election to Sell ("NOD") to be recorded with the San Mateo County Recorder's Office as instrument number 2010062162. The NOD confirms that the Loan was $30,713.03 in arrears as of June 1, 2010. (RJN Exh. 3.) Plaintiffs admit that they were in arrears on the Subject Loan. (Compl. ¶ 25.) On January 23, 2012, Plaintiffs filed a Chapter 13 bankruptcy petition. (*See* Case No. 12-30218, ECF No. 1.) On June 6, 2012, Chase filed a Proof of Claim ("POC") based on the debt secured by the DOT on the Subject Property in the amount of $1,107,320.30. (*See*, RJN Exh. 7.)

The principal factual disputes are as follows: Plaintiffs and Defendants dispute whether the Subject Loan was actually securitized and whether Defendant Chase is the owner of the Note.

### III. LEGAL ISSUES

**Plaintiffs' Response**: Defendants attempt to fraudulently obtain rights to payment and exercise the power of sale in a Deed of Trust in which they have no beneficial interest.

The evidence will show that Defendants have no factual basis to claim any beneficial interest in the Subject Loan and Plaintiffs therefore hold an interest in the Subject Property free and clear of any interest of Defendants. The evidence will show that Defendants should be estopped and precluded from asserting a claim against this estate pursuant to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules. Plaintiff also seeks the recovery of actual and punitive damages from Defendants for their conduct and equitable relief pursuant to Sections 152 and 3571 of the Bankruptcy Code and also Section 105(a) of Title 11 of the U.S. Code for intentionally filing a false proof of claim knowing defendants, in particular Chase, has no interest in the Subject Loan or Note.

The conduct of Defendants Chase, CRC, Brignac and Riley consist of actionable fraud and Chase's POC is false. Compl., Count 5, ¶¶82-93. The fraudulent assertions of Chase were known falsities because Chase knew that the Subject Loan had already been sold by WaMu previously in

2006 to WAAC, who then sold the Subject Loan to LASALLE Bank as Trustee for the WAMU 2006-AR11 Trust which purchased the Subject Loan. See MLPA, Article 2, Section 2.1 (a), filed as Form 8-K, Exhibit 4.6. See SEC website: http://www.secinfo.com/d16VAy.zp8.d.htm. At that time, WaMu was paid in full for the Subject Loan and no longer had any interest in the Subject Loan or Note. Since Defendants have no beneficial interest in the Subject Loan, Note or DOT, Plaintiffs seek an order finding that Plaintiffs are the rightful holder of the title to the Subject Property and that Defendants herein and those known and unknown have no right, title, lien or interest in the Subject Loan and Subject Property. Plaintiffs also seek judgment forever enjoining said Defendants, and those known and unknown, from claiming any right, title, lien or interest in the Subject Property and also canceling the Note, DOT and each of the foreclosure instruments void as to Plaintiffs.

The conduct of Defendants consists of intentional misrepresentations, deceit and concealment of material facts known only to Defendants. Defendants acted with the intent of depriving Plaintiffs of legal rights and was despicable conduct in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

**Defendants' Response:** Plaintiffs argue that the alleged securitization of the Subject Loan eliminated Chase's standing to file a proof of claim, lawful interest in the Subject Property, and right to foreclose upon the Subject Property. Defendants dispute this argument. Under 11 U.S.C. section 501(a), any creditor may file a proof of claim. WaMu, by executing a promissory note and entering a deed of trust with Plaintiffs, became Plaintiffs' creditor. It is Defendants' position that no securitization occurred, and Defendants believe that the evidence will demonstrate this fact. ***Even if*** the alleged securitization occurred, however, it had no effect on WaMu's lawful interest in the promissory note or deed of trust. *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."). Therefore, the alleged securitization had no effect on WaMu's status as a creditor. When Chase acquired WaMu's lawful interest in and right to foreclose upon the Subject Property via the Purchase and Assumption Agreement, Chase replaced WaMu as Plaintiffs' creditor. As Plaintiffs' current creditor, Chase has standing to file a proof of claim. All of Plaintiffs' claims against Chase and CRC are based on their erroneous argument, and

therefore have no merit.

Plaintiffs' claims against Deborah Brignac and Cynthia A. Riley are also baseless. Plaintiffs' allegations against Ms. Brignac and Ms. Riley are conclusory and fail to satisfy Rule 8, much less Rule 9(b)'s heightened requirement of particularity for claims sounding in fraud. Indeed, federal courts consistently hold that allegations materially indistinguishable from Plaintiffs'—namely, bare allegations of "robo-signing," "forged signatures," and improper "dual position"—fail to state a claim upon which relief can be granted. *See, e.g.*, *Lee v. Mortg. Elec. Registration Sys., Inc.*, No. 10-00687 JMS/BMK, 2012 WL 2467085, at *5 (D. Haw. June 27, 2012) ("The [Complaint] fails to assert any facts corroborating the legal conclusion that these individuals lacked authority to sign these documents on behalf of MERS, or any facts explaining how any 'robosigning' caused Plaintiff any harm or damages."). Moreover, Plaintiffs fail to allege each of the elements of their fraud claims, including (1) how they relied upon any alleged misrepresentation on the part of Ms. Riley and Ms. Brignac to their detriment; (2) that Ms. Riley and Ms. Brignac intended for them to rely in that manner; (3) why they had a right to rely, or (4) how they have allegedly been harmed. Because Plaintiffs have failed to satisfy any of the elements of a claim for fraud against any of the Defendants, much less plead those elements with the requisite particularity, Plaintiffs' claims sounding in fraud fail as a matter of law. For all of these reasons, as well as those arguments applicable to Chase and CRC, Plaintiffs' claims against Ms. Brignac and Ms. Riley are without merit.

### IV. MOTIONS

**Plaintiffs' Response:** Plaintiffs anticipate bringing no motions before the court at this time.

**Defendants' Response:** Defendants filed a Motion to Dismiss Plaintiffs' Complaint. This motion will be heard on January 18, 2013 at 10:00 a.m. in Courtroom 22 of this Court. If this motion is denied, Defendants may file a Motion for Summary Judgment.

### V. AMENDMENT OF PLEADINGS

**Plaintiffs' Response:** Plaintiffs anticipate no amendment f the pleadings at this time.

**Defendants' Response:** In the event Defendants' Motion to Dismiss is denied, Defendants anticipate filing another motion and/or an answer to the Complaint.

\\

## VI. EVIDENCE PRESERVATION

**Plaintiffs' Response:** Plaintiffs request that Defendants not destroy any relevant documents.

**Defendants' Response:** Chase is familiar with the ESI Guidelines and has policies and procedures in effect for preserving evidence in litigation. It is complying with those policies and procedures. Despite our joint efforts, counsel for the parties has not yet had an opportunity to meet and confer on the Rule 26(f) requirements.

## VII. DISCLOSURES

**Plaintiffs' Response:** Plaintiffs contend that it is impossible for Defendants to have any beneficial interest in the Subject Loan. Defendants wish to avoid the disclosure of evidence that proves that Defendants have no beneficial interest in the Subject Loan. Plaintiff's right to discovery should not be delayed and Plaintiffs should be permitted to commence discovery without delay.

**Defendants' Response:** To date, neither party has made any disclosures.

## VIII. DISCOVERY

**Plaintiffs' Response:** Defendants wish to not commence discovery until after their Motion to Dismiss because of the desire to avoid disclosing evidence that proves their liability for Plaintiffs well pled causes of action. Plaintiffs' right to discovery should not be delayed and Plaintiffs should be permitted to commence discovery without delay. This case does not need to be drawn out over a lengthy period of time and should Plaintiff request discovery and Defendants timely comply, the evidence will bear out Plaintiffs' claims without delay.

**Defendants' Response:** The parties have not yet discussed discovery. The parties intend to discuss discovery in the event Defendants' Motion to Dismiss is denied.

## IX. RELATED CASES

**Plaintiffs' Response:** There are no related cases other than the underlying bankruptcy Case No. 12-30218.

**Defendants' Response:** The only case related to this adversary proceeding is the underlying bankruptcy case. The underlying bankruptcy case, Case No. 12-30218, was filed on January 23, 2012 in this Court, Honorable Judge Dennis Montali presiding.

\\

## X. RELIEF

**Plaintiffs' Response:** Plaintiffs seek the following relief:

a. That the Court determine the nature and extent and validity of Defendants' interest in the Subject Property; that the court determine that the amount of the lien secured by the DOT is zero; that the Court determine that the Chase POC is wholly unsecured and false; that the Court determine that the DOT is null and void; that the Court determine that Defendants are estopped from asserting an unsecured claim against the estate; for actual, treble and punitive damages in an amount not less than $75,000;

b. For an order finding that Plaintiffs are the rightful holder of the title to the property and that Defendants herein have no right, title, lien or interest in the Subject Property; for a judgment forever enjoining Defendants, and those persons known and unknown, from claiming any right, title, lien or interest in the Subject Property; for a judgment that not one of the Defendants has any unencumbered legal interest in either the Note or DOT; and plaintiffs further prays that the Court issue an Order and Decree canceling the Note, DOT and foreclosure instruments finding same void as to Plaintiffs and to instruct the clerk to execute a full deed of reconveyance of the DOT in favor of Plaintiffs; and

c. For attorney fees and costs of suit incurred herein and for such other and further relief as the Court deems just and proper.

**Defendants' Response:** Defendants maintain that all claims asserted in the Complaint are factually and/or legally deficient such that Plaintiffs are not entitled to any relief or damages. If liability is established with respect to Plaintiffs' "Violation of 15 U.S.C. § 1641(g)" claim, damages related to that claim should be calculated according to the guidelines set forth in the statute. If liability is established with respect to Plaintiffs' "Fraud" claim, the remedy should not be damages, as Plaintiffs have been enjoying the Subject Property rent-free for over two and a half years. Instead, the remedy should be a declaration that the Note and Deed of Trust are null and void. Defendants maintain, however, that the claims asserted in the Complaint are entirely without merit.

## XI. SETTLEMENT AND ADR

**Plaintiffs' Response:** To date, the parties have not discussed prospects for settlement or ADR.

**Defendants' Response:** To date, the parties have not discussed prospects for settlement or ADR.

## XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

**Plaintiffs' Response:** Not Applicable.

**Defendants' Response:** Not applicable.

## XIII. EXPEDITED TRIAL PROCEDURE

**Plaintiffs' Response:** None requested but Plaintiff seeks trial of the claims raised in the complaint at the earliest opportunity.

**Defendants' Response:** Defendants are not aware of any grounds which would justify an expedited trial.

## XIV. SCHEDULING

**Plaintiffs' Response:** To date, the parties have not discussed scheduling issues.

**Defendants' Response:** To date, the parties have not discussed scheduling issues.

## XV. TRIAL

**Plaintiffs' Response:** Plaintiffs request a jury trial and estimate the case can be tried in 2-3 days.

**Defendants' Response:** Plaintiffs have requested a jury trial. Defendants estimate that the case can be tried in five to six (5-6) days.

## XVI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiffs' Response:** Plaintiffs are unaware of any non-party interested entities or persons relevant to this case. Defendant's disclosure fails to state that Defendant CRC is a wholly owned entity of Defendant Chase.

**Defendants' Response:** On November 15, 2012, Defendants filed a Corporate Disclosure Statement in conjunction with their Motion to Dismiss, which included the following information. Defendant JPMORGAN CHASE BANK, N.A. is a wholly-owned subsidiary of JP Morgan Chase & Co., which is a publicly traded corporation. No publically held corporation owns ten percent (10%) or more of JP Morgan Chase & Co.'s stock as of August 21, 2009. Defendant JPMORGAN CHASE BANK, N.A. acquired certain assets and liabilities of Washington Mutual Bank, F.A. from the Federal

Deposit Insurance Corporation, acting as receiver on September 25, 2008. Defendant CALIFORNIA RECONVEYANCE COMPANY is a registered entity with the State of California's Department of Corporations. California Reconveyance Company's entity number is C0367236. The corporation's application was filed on January 20, 1959. The corporation currently has an active status, and principally conducts business at the address of 9200 Oakdale Avenue, Chatsworth, California 91311.

DATED: January 14, 2013     /s/ Christopher P. Epsha
Christopher P. Epsha
CHRISTOPHER P. EPSHA
BUSINESS AFFAIRS CONSULTANTS, INC., ALC
ATTORNEYS FOR PLAINTIFFS
LAWRENCE M. ASUNCION AND MARIA ESTRELLA C. ASUNCION

DATED: January 15, 2013     /s/ Juliette B. McCullough
CARA L. FINAN
JULIETTE B. MCCULLOUGH
IAN ROSS
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
JP MORGAN CHASE BANK, N.A.;
CALIFORNIA RECONVEYANCE COMPANY;
COMPANY; DEBORAH BRIGNAC; and
CYNTHIA A. RILEY

# CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

                                        JUDGE OF THE UNITED STATES BANKRUPTCY COURT